UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TEAMSTERS LOCAL 456 PENSION, HEALTH &
WELFARE, ANNUITY, EDUCATION & TRAINING,
INDUSTRY ADVANCEMENT, AND LEGAL
SERVICES FUNDS,

       Plaintiffs,

    -against-

PCI INDUSTRIES CORP. AND ROBERT PERISCO,
Individually,

       Defendants.

**ORDER**

21-CV-09316 (PMH)

PHILIP M. HALPERN, United States District Judge:

  On August 23, 2022, the parties informed the Court that a settlement in principle had been reached by the parties. (Doc. 33). Accordingly, the Court entered an Order dismissing the action without prejudice to restoring the action provided that an application was made within 30 days, or by September 23, 2022. (Doc. 34, "30-Day Order"). On August 26, 2022, the parties filed a letter with the Court which included the Stipulation of Conditional Discontinuance between the parties. (Doc. 35). On August 29, 2022, the Court so ordered the Stipulation of Conditional Discontinuance and retained jurisdiction over this action "for purposes of enforcing the settlement, obtaining compliance with the terms of the settlement, and allowing Plaintiffs to proceed against Defendants in accordance with the terms and conditions of the settlement." (Doc. 36).

  Pursuant to the Stipulation of Conditional Discontinuance, Defendants shall pay "consecutive monthly payments of $7,663.19" with each monthly payment due on the first day of each month and with monthly payments "to commence on September 1, 2022 and conclude on August 1, 2025." (Dkt. 36 at 4). Further, Defendants "will be allowed a five (5) day grace period such that an installment payment will be considered timely if received . . . on or before the sixth

(6th) day of the month." (*Id.* at 4-5). Upon default, the Stipulation of Conditional Discontinuance requires Plaintiffs to provide written notice which "shall describe the default and allow thirty (30) days from the date [Plaintiffs] send the notice for [Defendants] to cure the default." (*Id.* at 5).

On November 9, 2022, Plaintiffs filed a Motion for Entry of Confessed Judgment, claiming that Defendants were in default under the terms of the Stipulation of Conditional Discontinuance. (Doc. 37). On October 3, 2022, Plaintiffs sent Defendants a purported default notice which failed to describe the default as required by the Stipulation of Conditional Discontinuance but instead only generically stated that "Plaintiffs have not received the payments required by the enclosed documents." (Doc. 37-4). Plaintiffs further claimed that "Defendants did not cure the default by November 3, 2022 despite sufficient notice." (Doc. 37-2 ¶ 6). On November 10, 2022, Plaintiffs filed a letter with the Court disclosing that two days after they sent their default notice, Plaintiffs received two checks from Defendants totaling $15,379.57, roughly two months' worth of payments under the parties' agreement. (Doc. 39). Defendants' October 5, 2022 payments of $15,379.57 cured their default under the terms of the Stipulation of Conditional Discontinuance. To the extent that Plaintiffs contend that Defendants remain in default, they must issue a new default notice to Defendants in accordance with the terms of the Stipulation of Conditional Discontinuance.

Accordingly, Plaintiffs' Motion for Entry of Confessed Judgment is DENIED without prejudice to renewal. The Clerk of Court is respectfully directed to terminate the motion sequences pending at Doc. 37 and Doc. 40.

SO ORDERED.

Dated: White Plains, New York
November 10, 2022

_____
PHILIP M. HALPERN
United States District Judge